(88 Misc. Rep. 17)

### DRENNAN v. BURNS et al.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. ACCOUNT, ACTION ON (§ 7*)—EVIDENCE—BURDEN OF PROOF.

In an action on an open account for plumbing work and supplies furnished in connection therewith, extending over a period of several years, plaintiff was bound to prove by competent evidence the furnishing of the materials and the performance of the labor, and that the prices charged were fair and reasonable.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 13–17; Dec. Dig. § 7.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 377\*) — WRITTEN EVIDENCE — ADMISSIBILITY IN CONNECTION WITH ORAL TESTIMONY.

In an action on an open account for plumbing work and supplies, plaintiff endeavored to prove the items of the account from his own ledger, but it appeared that it had not been written up from his own knowledge, and that the books were written up in part by his wife and in part by a bookkeeper, and there was no evidence that they kept the books correctly, or that the entries were in accordance with data furnished by plaintiff. A bill of particulars was prepared by the bookkeeper, who was not produced to show that it was a true copy of the books. For much of the work done plaintiff accepted slips from his workmen, and there was no proof that they were true. *Held*, that there was no proper foundation for the admission of the bill of particulars as a summary of plaintiff's evidence, especially where a question asked plaintiff by the court as to whether he could swear that each item was furnished or performed was not answered, and there was no evidence that the charges were fair and reasonable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1647; Dec. Dig § 377.\*]

Appeal from City Court of New York, Trial Term.

Action by Robert Drennan against Walter F. Burns and another. From a judgment for plaintiff, after a verdict by a jury, defendants appeal. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Hastings & Gleason, of New York City, for appellants.
John A. Bolles, of New York City, for respondent.

COHALAN, J. [1] This action was brought on an open account to recover the sum of $978.44 for services rendered and materials furnished. The defendant made various payments to the plaintiff for work done, and alleged that full payment had been made. Plaintiff's bill of particulars consisted of 11 pages of a variety of items. The only testimony offered in support of the claim was that of the plaintiff. It was, of course, incumbent upon him, in an account for plumbing work and supplies furnished in connection therewith, running from the 14th day of November, 1906, to the 16th day of March, 1911, to prove by competent evidence the furnishing of the materials, the performance of the labor, and that the prices charged were fair and reasonable.

[2] The court permitted the plaintiff to complete his proof by the admission of the bill of particulars, and in this language:

"The Court: Have you looked over that bill of particulars recently?

"The Witness: I have, and verified it.

"The Court: Are you able to state now here, having explained it, can you swear as to each item having been either furnished as a material or put in as labor for the plant on this job? Look through it and see, and, if you can, I will admit the entire account in evidence as a summary of his evidence.

"Plaintiff's Counsel: For that purpose I offer the bill of particulars in evidence.

"The Court: Yes; I will receive it."

It will be observed that this question was not even answered by the witness. The plaintiff had endeavored to prove the items from his

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

own ledger, but it appeared that it had not been written up from the witness' own knowledge. The books were written up in part by the wife of the plaintiff and in part by a bookkeeper. There was no evidence that they kept them correctly, or that the entries were in accordance with the data furnished by the plaintiff. Mayor, etc., of New York v. Second Ave. R. R. Co., 102 N. Y. 572, 7 N. E. 905, 55 Am. Rep. 839; Cobb v. Wells, 124 N. Y. 77, 26 N. E. 284. The bill of particulars was prepared by the bookkeeper, who was not produced to show that it was a true copy of the books. As a matter of fact, for much of the work done, the plaintiff accepted slips from his workmen, and there was no proof to show that these slips were true. Moreover, there was no evidence to show that the charges were fair and reasonable. It may well be that the plaintiff has a cause of action, but he should be held to a reasonable degree of proof. No proper foundation, in my opinion, was laid, over objection, for the admission of the bill of particulars in evidence.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

